# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELMER D. CHARLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:13-cv-01820-JMS-DKL |
| | ) | |
| CORIZON, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment

### I. Background

Elmer D. Charles ("Charles") is a transsexual state prisoner who at all times relevant to the complaint was confined at the New Castle Correctional Annex. Charles alleges that the defendant, Corizon, violated her Eighth Amendment rights by denying estrogen treatment, forcing testosterone treatment, and failing to refer Charles to a gender specialist and endocrinologist. She seeks monetary damages and injunctive relief.

The defendant has filed a motion for summary judgment seeking resolution of the claim against it based on the affirmative defense that Charles failed to exhaust her available administrative remedies prior to filing this action. Charles has opposed the motion for summary judgment.

For the reasons explained in this Entry, the motion for summary judgment [dkt. 15] is **granted.**

## II. Discussion

*A.  Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

"[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (citations omitted); *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002) (the PLRA requires exhaustion "even if the [grievance] process could not result in a prisoner's desired form of relief").

### B. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Charles as the non-movant, are undisputed for purposes of the motion for summary judgment:

*Indiana Department of Correction Grievance Procedure*

The administrative remedy process available to prisoners incarcerated within the custody of the Indiana Department of Correction ("IDOC") is set forth in IDOC Policy and Administrative Procedures, Number 00-02-301, entitled the "Offender Grievance Process" ("OGP"). The IDOC's OGP consists of three steps. Step One of the grievance process is referred

to as "Informal Resolution," and requires a prisoner to make an informal attempt to solve a problem or address a concern before proceeding to Step Two. Step Two of the grievance process is referred to as "Level I - Formal Grievance," and requires the submission of a written form (State Form 45471) on which the prisoner must set forth the problem or concern. Step Three of the grievance process, referred to as "Level II - Formal Appeal," is the final step of the grievance process, and provides a means by which a prisoner, after receiving a response to a Level I - Formal Grievance, may appeal to a higher authority.

*Plaintiff's Grievances*

IDOC records reflect that Charles filed a grievance in August of 2012, relating to a request for dental treatment. Charles also submitted a step one grievance on September 20, 2013, relating to the circumstances alleged in this lawsuit. That grievance was returned to Charles because it was not completely filled out and it contained excessive legal jargon. The grievance was not resubmitted.

Charles acknowledges that she did not complete the process of exhausting her administrative remedies before filing this lawsuit.

*C. Analysis*

As noted, the defendant seeks summary judgment on the basis that Charles failed to exhaust her available administrative remedies. Charles does not argue that she fully exhausted her administrative remedies before filing this action.

This action was filed on November 14, 2013. Charles alleges that after she was seen by medical staff on October 7, 2013, she submitted an informal grievance. She argues that because of the slow process of receiving a step two formal grievance from the counselor, she was unable to file a grievance within the required time limit. Charles has attached a copy of a step one

grievance that the facility received on February 10, 2014, but has attached no copies of submissions made in October of 2013. It is true that "[p]rison officials may not take unfair advantage of the exhaustion requirement, … and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole,* 438 F.3d at 809. Charles has not submitted any admissible evidence, however, demonstrating that prison officials prevented her from completing the exhaustion process before filing this lawsuit.[1]

Charles further asserts that after she saw medical personnel on January 22, 2014, she filed a grievance on January 25, 2014, and that that grievance was still going through the process when she filed her motion for enlargement of time on February 20, 2014. In that motion, Charles requested that the case be stayed pending the completion of the administrative process. The Court denied that request because a stay for the purpose of exhaustion is not permitted under the PLRA. *See Cannon v. Washington,* 418 F.3d 714, 719 (7th Cir. 2005). (Dkt. nos. 19-22).

It is undisputed that Charles failed to complete the exhaustion process before filing this action. Therefore, in light of 42 U.S.C. § 1997e(a), Charles' action should not have been brought against the defendant and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

---

[1] It is not clear whether Charles contends that she was not able to complete the grievance process because she did not timely receive a response to her step one grievance, but if that is one of her contentions, the grievance policy has a provision that is meant to circumvent such a problem. "If the offender receives no grievance response within 25 working days of the day he or she submitted the grievance, he or she may appeal as though the grievance had been denied." IDOC Grievance Policy, p.24, docket 18-1. "In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends 10 working days later." *Id.*

## III. Conclusion

For the reasons explained above, the motion for summary judgment filed by the defendant [dkt. 15] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/15/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Elmer D. Charles, #985019, New Castle Correctional Annex, Inmate Mail/Parcels, 1000 Van Nuys Rd., P. O. Box A, New Castle, IN 47362

Electronically registered counsel